# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY

IN RE: Various Social Security Cases Affected by the Sixth Circuit Decision in *Hicks v. Comm'r of Soc. Sec.*[1], No. 17-5206

| | |
|---|---|
| 5:16-cv-130 | Clinton Ryan Mullins v. Comm'r of Soc. Sec. |
| 5:16-cv-375 | Danny Lenn Reed v. Comm'r of Soc. Sec. |
| 6:16-cv-62 | Robert L. Muncy, II v. Comm'r of Soc. Sec. |
| 7:16-cv-73 | Carolyn Lynn Bates v. Comm'r of Soc. Sec. |
| 7:16-cv-77 | Brenda Stewart v. Comm'r of Soc. Sec. |
| 7:16-cv-90 | Janie Shepherd v. Comm'r of Soc. Sec. |
| 7:16-cv-91 | Naomi Samons v. Comm'r of Soc. Sec. |
| 7:16-cv-97 | Argle Kendrick v. Comm'r of Soc. Sec. |
| 7:16-cv-104 | Matthew Slone v. Comm'r of Soc. Sec. |
| 7:16-cv-140 | Kathy Ramey v. Comm'r of Soc. Sec. |
| 7:16-cv-149 | Lenny Newsome v. Comm'r of Soc. Sec. |
| 7:16-cv-158 | Timothy Brashears v. Comm'r of Soc. Sec. |
| 7:16-cv-163 | Kathleen Campbell Curtis v. Comm'r of Soc. Sec. |
| 7:16-cv-183 | Deborah Burke v. Comm'r of Soc. Sec. |
| 7:16-cv-185 | Melissa C. Stiltner v. Comm'r of Soc. Sec. |
| 7:16-cv-209 | Ricky Casebolt v. Comm'r of Soc. Sec. |
| 7:16-cv-212 | Mary Sexton v. Comm'r of Soc. Sec. |
| 7:16-cv-229 | Amy Jayne Charles v. Comm'r of Soc. Sec. |
| 7:16-cv-248 | Eddie Reed v. Comm'r of Soc. Sec. |
| 7:16-cv-290 | Emmitt Burton v. Comm'r of Soc. Sec. |
| 5:17-cv-262 | Chessie Gray v. Comm'r of Soc. Sec. |
| 7:17-cv-5 | Chad Shepherd v. Comm'r of Soc. Sec. |
| 7:17-cv-116 | Margaret C. Copley v. Comm'r of Soc. Sec. |
| 7:17-cv-130 | Joann Holbrook v. Comm'r of Soc. Sec. |
| 7:17-cv-158 | Ranie Jo Coleman v. Comm'r of Soc. Sec. |
| 7:18-cv-33 | Martin Lee Gillespie v. Comm'r of Soc. Sec. |
| 7:18-cv-47 | Betty Robinson v. Comm'r of Soc. Sec. |
| 7:18-cv-122 | Tracy Ann Hannah v. Comm'r of Soc. Sec. |

## MEMORANDUM OPINION AND ORDER

********

These matters are before the Court on the Commissioner's Motions to Remand

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on July 17, 2019, during the pendency of these actions. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Saul is automatically substituted as a party.

pursuant to sentence six of 42 U.S.C. § 405(g) in the above-referenced cases. Several Plaintiffs have submitted responses opposing the Commissioner's Motions to Remand, arguing that the cases should be remanded under sentence four of 42 U.S.C. § 405(g). For the reasons set forth herein, the Commissioner's Motions to Remand pursuant to sentence six of 42 U.S.C. § 405(g) are **denied**, the above-referenced cases are **remanded pursuant to sentence four**, and all other pending requests for relief are **denied as moot**.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

These matters arise from the award of social security disability benefits to Plaintiffs in connection with their representation by attorney and now convicted felon Eric C. Conn. The Social Security Administration's ("SSA") Office of the Inspector General ("OIG") developed reason to believe Conn, Administrative Law Judge ("ALJ") David Daugherty, and four examining doctors, Bradley Adkins, Ph.D., Srinivas Ammisetty, M.D., Frederic Huffnagle, M.D., and David P. Herr, D.O., participated in a fraudulent scheme to obtain benefits for Conn's clients, including the Plaintiffs in the cases at issue here.[2] *Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 794 (6th Cir. 2018). The OIG investigated the suspected fraudulent conduct further and identified 1,787 individuals whose applications appeared to be implicated in the fraud. "In particular, the OIG . . . 'ha[d] reason to believe that Mr. Conn or his firm submitted pre-completed 'template' Residual Functional Capacity [("RFC")] forms purportedly from [the four doctors identified above], dated between January 2007 and May 2011, in support of the individuals' applications for

---

[2]   Attorney Conn, ALJ Daugherty, and Dr. Adkins were convicted of various criminal charges arising out of this fraudulent scheme. *See* Lexington Criminal Action Nos. 5:16-cr-022; 5:17-cr-043; 5:17-cr-104; 5:17-cr-066; 5:18-cr-059.

benefits.'" *Id.* On May 12, 2015, the OIG advised the SSA that it could move forward with redetermining the affected claimants' eligibility for benefits under 42 U.S.C. §§ 405(u) and 1383(e)(7)(A)(i). *Id.*

On May 18, 2015, the Commissioner sent letters to the Plaintiffs in the above-captioned cases, and approximately 1,500 similarly-situated individuals, explaining:

> [T]he SSA needed to redetermine plaintiffs' eligibility for benefits because "there was reason to believe fraud was involved in certain cases involving [Adkins, Ammisetty, Huffnagle, and Herr]," one or more of these doctors "provided evidence" in plaintiffs' cases, and the ALJ (i.e., Daugherty) "previously used that evidence to find [plaintiffs] disabled."

*Id.* (internal citations omitted). "The letters further explained that during the redetermination process, the SSA 'must disregard any evidence from one of the medical providers above when the information was submitted by representative Eric C. Conn or other representatives associated with Mr. Conn's law office.'" *Id.* at 794-95. "Notably, in redetermining plaintiffs' eligibility for benefits, the SSA excluded all evidence submitted by Adkins, Ammisetty, Huffnagle, and Herr—not just the RFC forms that the OIG had identified as possibly fraudulent in its referral to the SSA." *Id.* at 795 (internal footnote and citations omitted). "Beyond the RFC forms, the four doctors had submitted evidence detailing their examinations of plaintiffs, including any testing that they had performed and behavioral observations they had made." *Id.* Upon redetermination without this evidence, the Commissioner found that all of the Plaintiffs were ineligible for benefits. *Id.* at 795.

The Plaintiffs and other similarly-affected individuals filed numerous lawsuits alleging the SSA's redetermination process was unlawful. Judges in the Eastern District of Kentucky issued conflicting rulings, and the issue was appealed to the United States Court of Appeals for the Sixth Circuit where the cases were consolidated for appeal. *Id.*

3

at 796. In *Hicks*, a split panel of the Sixth Circuit held in pertinent part that the SSA violated the "Due Process Clause of the Constitution and the Administrative Procedure Act [("APA")] required the SSA to allow plaintiffs an opportunity to show why the medical reports uniformly and entirely disregarded in their redetermination proceedings were not, in fact, tainted by fraud." *Id.* at 813. Therefore, the Sixth Circuit held that the plaintiffs were "entitled to summary judgment on their due-process claim." *Id.* at 792.

Turning to the SSA's requirements under the APA, the Sixth Circuit explained that "[w]hen an agency decision rests on official notice of a material fact not appearing in the evidence in the record, a party is entitled, on timely request, to an opportunity to show the contrary." *Id.* at 805 (alteration in original) (quoting 5 U.S.C. § 556(e)). Therefore, the Sixth Circuit found that those Plaintiffs "have provided evidence demonstrating that the ALJs assigned to plaintiffs' redetermination hearings essentially rejected the only remaining medical opinions that could have established plaintiffs' claims based on the OIG's off-the-record determination that the records involved fraud—determinations plaintiffs had no opportunity to rebut or contest." *Id.*

Furthermore, the Sixth Circuit stated that in cases such as these, where "the SSA's procedures failed to comply with the APA's formal-adjudication requirements [in 5 U.S.C. § 556(e)] . . . the ALJ's failure to comply with § 556 would require reversal of the ALJ's determination and remand for further fact-finding unless the error was harmless." *Id.* at 805 (citing *Dixie Fuel Co., LLC v. Dir., Office of Workers' Comp. Programs*, 820 F.3d 833, 846 (6th Cir. 2016); *Baker v. Dir., Office of Workers' Comp. Programs*, 980 F.2d 729, 1992 WL 361287, at *2 (6th Cir. 1992)). The *Hicks* court likened its case to *Baker*, where "the ALJ's error was not harmless because the ALJ 'essentially rejected the only

4

remaining medical opinion that could have established [the plaintiff's claim]' based, in part, on his assessment of the drafting physician's qualifications, which were not included in the record." *Id.* at 805-06 (citing *Baker,* 1992 WL 361287, at *2). Accordingly, in *Hicks*, like in *Baker*,

> [P]laintiffs have provided evidence demonstrating that the ALJs assigned to plaintiffs' redetermination hearings essentially rejected the only remaining medical opinions that could have established plaintiffs' claims based on the OIG's off-the-record determination that the records involved fraud—determinations plaintiffs had no opportunity to rebut or contest. The SSA's process therefore fails under the APA.

*Id.* at 806.

The Court stayed the above-captioned cases pending the Sixth Circuit's decision in *Hicks*. *See, e.g.*, *Muncy v. SSA*, 6:16-cv-62 (Doc. # 28) (E.D. Ky. Jan. 25, 2017). The stay remained in effect while the Commissioner sought rehearing or *en banc* consideration in the Sixth Circuit, which was denied. *See, e.g., id.*, (Doc. # 33) (E.D. Ky. Dec. 17, 2018). While still considering whether to appeal the *Hicks* decision to the United States Supreme Court, the Commissioner moved to remand the above-captioned cases to the Social Security Administration pursuant to sentence six of 42 U.S.C. § 405(g).[3] Many Plaintiffs filed responses contending that the matters should instead be remanded pursuant to the fourth sentence of § 405(g).

## II. ANALYSIS

Sentences four and six of 42 U.S.C. § 405(g) are the only procedural avenues for remand available under the statute. *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

---

[3] While the Court does not find the Commissioner is judicially estopped from arguing in favor of remand under sentence six, the SSA's position is weakened by its previous concession that "the circumstances described in sentence six [were] not present" in *Hicks v. Comm'r of Soc. Sec.*, 7:16-cv-154-ART, (Doc. # 54 n.4) (E.D. Ky. Feb. 9, 2017).

Sentence four of 42 U.S.C. § 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence six is as follows:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). Accordingly, pursuant to sentence four, the Court may make a substantive ruling regarding the correctness of the Commissioner's decision and enter a corresponding judgment either affirming, modifying, or reversing the decision. Meanwhile, the sixth sentence of § 405(g) "describes an entirely different kind of remand." *Melkonyan*, 501 U.S. at 98 (internal quotation marks omitted). Under sentence six, a court "does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* For the reasons set forth below, the Court will **remand** these matters pursuant to sentence four.

 A. **Sentence four remand is proper.**

Remand pursuant to sentence four "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits." *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996). Where the Commissioner "has failed to provide a full and fair hearing, to make explicit findings, or to have correctly [applied] the

6

law and regulations," a district court may remand pursuant to sentence four in conjunction with a judgment affirming, modifying, or reversing the administrative decision. *Melkonyan*, 501 U.S. at 101 (quoting H.R. Rep. No. 96-100, at 13 (1979)). While a district court retains jurisdiction following a sentence-six remand, a sentence-four remand constitutes a final and appealable order, and the district court's entry of judgment after a sentence-four remand terminates the district court's jurisdiction over the case. *See Jackson*, 99 F.3d at 1095 (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990); *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993)). Moreover, "[a] judgment of remand on sentence-four grounds is a final judgment under the EAJA, and it usually starts the EAJA attorney's fees application filing period running." *Id.* (citing *Melkonyan,* 501 U.S. at 102).

As previously discussed, in *Hicks*, the Sixth Circuit held that Plaintiffs who were denied due process in the redetermination proceedings "are entitled to summary judgment on their due-process claim." *Hicks,* at 909 F.3d at 792. Additionally, the Sixth Circuit found that in cases such as those presently before this Court, "the ALJ's failure to comply with § 556 would require reversal of the ALJ's determination and remand for further fact-finding unless the error was harmless." *Id.* at 805 (citing *Dixie Fuel Co., LLC*, 820 F.3d at 846; *Baker*, 1992 WL 361287, at *2). Since the Sixth Circuit found that, like the ALJ's error in *Baker*, the ALJs' errors in the above-captioned cases were not harmless, the ALJs' redetermination hearings should be reversed and remanded. *Baker*, 1992 WL 361287, at *2.

Remand under sentence four is required in these cases because the ALJs erred in making their redetermination-hearing decisions. The *Hicks* decision was a "substantive ruling" that the Agency's redetermination hearings violated the Due Process Clause of

the Constitution and the APA. *See Hicks*, 909 F.3d at 813. Therefore, the Court may not remand pursuant to sentence six, even though the SSA has yet to file an answer or other responsive pleading and despite the fact that new evidence has come to light. *See Melkonyan*, 501 U.S. at 100 ("Under sentence six, the district court may remand in light of additional evidence *without making any substantive ruling as to the correctness of the Secretary's decision*, but only if the claimant shows good cause for failing to present the evidence earlier.") (emphasis added); *see also Jackson*, 99 F.3d at 1095. Moreover, the possibility that new evidence may be introduced does not preclude the Court from remanding under sentence four. *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 175 (6th Cir. 1994) ("[R]emands under both sentence four and sentence six of § 405(g) can involve the taking of additional evidence."). In sum, the SSA's failure to provide full and fair hearings and comply with the Due Process Clause of the Constitution and the APA requires that this Court reverse the ALJs' redetermination-hearing decisions and remand the above-captioned cases pursuant to sentence four for further proceedings consistent with the Sixth Circuit's decision in *Hicks*. *See Melkonyan*, 501 U.S. at 101.

**B. Sentence-four remand requires reinstatement of benefits.**

Having determined that a sentence-four remand is required, the Court next considers whether remand under sentence four requires reinstatement of the Plaintiffs' Social Security benefits.

In *Mathews v. Eldridge*, the United States Supreme Court explained that "[p]rocedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." 424 U.S. 319, 332 (1976). An individual's interest

in continued receipt of Social Security "benefits is a statutorily created 'property' interest protected by the Fifth Amendment." *Id.* at 333. At its core, procedural due process requires "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Here, the Sixth Circuit's holding in *Hicks* requires that the Plaintiffs' benefits be reinstated and that the Plaintiffs be returned to the status quo during continued redetermination proceedings. As previously discussed the majority held in *Hicks* that "the SSA's procedures violate the long-standing principles of procedural due process that predate the *Mathews* test." *Hicks*, 909 F.3d at 797. Moreover, the majority also concluded that the Plaintiffs would prevail under *Mathews*. *Id*. Thus, the *Hicks* decision granted summary judgment for the Plaintiffs and reversed the Commissioner's determination based on violation of the Plaintiffs' procedural-due-process rights. *Hicks*, 909 F.3d at 797.

It follows then that if the SSA violated the Plaintiffs' procedural-due-process rights, the SSA must reinstate the Plaintiffs' benefits until the appropriate due process is provided. Any other result would be incongruous with the decision in *Hicks*. Furthermore, it would be illogical for the Court of Appeals to grant summary judgment for the Plaintiffs based on a procedural-due-process violation but then allow the government to continue to deprive the Plaintiffs of a protected property interest while the Plaintiffs await the due process to which they are legally entitled. Ultimately, the SSA may not discontinue the Plaintiffs' Social Security benefits until it has provided the basic procedural-due-process protections outlined in the *Hicks* decision. *Hicks*, 909 F.3d at 797.

This result is also supported by a recent district-court opinion from the District of South Carolina, which arises from the same facts as Hicks. *See Kirk v. Berryhill*, 0:17-cv-2189, 2019 WL 2950022 (D.S.C. July 9, 2019). It is further supported by Judge Amul R. Thapar's previous decision in *Hicks* at the district-court level. In a Memorandum Opinion clarifying that his Opinion reversed the Commissioner's determination, Judge Thapar explained that "[t]he SSA must therefore return Hicks to the position she was in before the agency's decision." *Hicks v. Berryhill*, No. 16-cv-154-ART, 2017 WL 1227929, at *3 (E.D. Ky. Mar. 31, 2017).

Judge Thapar first explained that the SSA's regulations require that the SSA resume payment of benefits if the Commissioner's redetermination decision is reversed. *Id.* SSA regulations require that a recipient of SSDI and SSI benefits receive a hearing before benefits are terminated. *See* Soc. Sec. Admin., *Hearings, Appeals, and Litigation Law Manual* ("HALLEX") § I-1-3-25(C)(5). But here, the Plaintiffs did not receive a hearing that comported with the basic tenets of procedural due process.

Judge Thapar also noted that the Commissioner appeared to concede that reinstatement of Hicks's benefits would be proper if Judge Thapar's Opinion was in fact a reversal of the Commissioner's redetermination decision. *See Hicks v. Berryhill*, 2017 WL 1227929, at *3.

Three additional considerations warrant discussion on the reinstatement issue. First, some authorities suggest that this Court may not award benefits if all essential factual issues have not been resolved. In *Faucher*, the Sixth Circuit explained that "the [district] court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's

entitlement to benefits." 17 F.3d at 176. But *Faucher* is not applicable here. The court in *Faucher* addressed a district court's *award* of benefits at the initial disability-determination stage. Here, the cases before the Court are instances where the Plaintiffs were determined to be disabled and their disability benefits were terminated during the redetermination process. As such, here, the Court is not *awarding* benefits in the first instance, but rather simply requiring *reinstatement* of benefits that were taken from Plaintiffs without the necessary due process.

In fact, application of the *Faucher* rule in this case would make little sense, seeing as the defect with the Commissioner's determination is based on the violation of due process as a matter of law, not based on an unresolved issue of fact or review of the record. Specifically preventing courts from reinstating benefits based on procedural-due-process defects during redetermination proceedings would be illogical. Such a rule would render courts unable to remedy procedural-due-process violations by the SSA. Even if courts do not have the authority to award benefits in the first instance, if essential factual issues are unresolved surely courts may reinstate benefits after finding an unlawful deprivation of benefits by an administrative agency.

Second, the Court acknowledges that a statement in a well-reasoned decision by Chief Judge Karen K. Caldwell seems to suggest that reinstatement of benefits is not required, even if the Court finds for the Plaintiffs on the due-process claim. Previously, some of the Plaintiffs filed Motions for Preliminary Injunctions, requesting that the Court require the SSA to continue issuing benefits during the pendency of the appeals of the Commissioner's decision. In the Order denying the motions for preliminary injunctions, Judge Caldwell stated:

> [E]ven if the Court were to find in favor of Plaintiffs' due process claims (or any other substantive claim), the ultimate remedy Plaintiffs seek—the reinstatement of their previously awarded benefits—is not something the Court would provide even in a final decision on the merits in this action. To resolve any potential infirmity in the redetermination process, the most likely relief this Court would award to Plaintiffs would be to remand the decision for the ALJ to hold a supplemental hearing to allow Plaintiffs the opportunity to dispute the alleged fraud in the previously excluded evidence. It would not be to completely re-do the redetermination process, nor would it be to reverse the ALJ's decision to eliminate Plaintiffs' benefits out of hand. *See Hicks*, No. 16–cv–154–ART, D.E. 36 at 32 (E.D. Ky. Oct. 12, 2016).

*Wombles v. Colvin*, No. 7:16-cv-79-KKC, (Doc. # 16 at 4) (E.D. Ky. Dec. 7, 2016). Still, after considering the context of this statement and accounting for subsequent legal developments, the Court finds that this reasoning does not presently impact the reinstatement of benefits.

First, Judge Caldwell seems to have based this conclusion on Judge Thapar's October 12, 2016 decision in *Hicks*, which predated his later Order on March 31, 2017. In the March 31, 2017 Order, Judge Thapar clarified that his decision did reverse the Commissioner's redetermination decision and required continuance of Hicks's benefits. *See Hicks*, 2017 WL 1227929, at *3. It is unclear if Judge Caldwell would have reached the same conclusion after Judge Thapar clarified his earlier decision.

Second and more significantly, Judge Caldwell's Order was entered before the Sixth Circuit's decision in *Hicks*. Again, it is unclear if Judge Caldwell would have reached the same conclusion after the Sixth Circuit's decision holding that the Commissioner's redetermination procedures violated the Plaintiffs' due-process rights.

Third, Judge Caldwell's decision considered Motions for Preliminary Injunction, which require courts to weigh four factors, including the likelihood of success on the merits and the risk of immediate irreparable harm. When Judge Caldwell entered her Order,

courts in the Eastern District of Kentucky had split on the merits of the Plaintiffs' due-process claims. This would have clouded the inquiry on the likelihood of success on the merits.

As a result, after considering the context of Judge Caldwell's statement in *Wombles* and subsequent legal developments in the Conn cases, the Court finds that *Wombles* has little, if any, effect on the present determination regarding reinstating benefits to the Plaintiffs.

Finally, the Court expressly notes that this Opinion does not constitute a determination that the Plaintiffs are in fact disabled or that the Plaintiffs will be entitled to SSDI or SSI benefits after additional proceedings. The Sixth Circuit's holding is based on the government's violation of the basic tenets of procedural due process, not a finding that the Plaintiffs are in fact disabled. In essence, the Sixth Circuit's holding stands for the proposition that the Plaintiffs are entitled to redetermination proceedings that comport with due process: to wit, an opportunity to rebut the Commissioner's finding that all the evidence submitted by the fraud-involved four doctors was tainted and challenge the Commissioner's decision to disregard all medical evidence submitted by these doctors. It is possible, and perhaps probable, that the Plaintiffs, once provided with the requisite due process, will still be deemed ineligible for SSDI and SSI benefits and ultimately have their benefits terminated. The government must, however, return the Plaintiffs to the status quo until they are afforded an opportunity to challenge the Commissioner's decision to disregard medical evidence submitted by certain doctors.

In conclusion, the Sixth Circuit held that the Commissioner's determination that the Plaintiffs were not disabled must be reversed because the redetermination process

violated the Plaintiffs' procedural-due-process rights. Thus, it follows that Plaintiffs were deprived of a property interest without due process, which necessitates additional proceedings and reinstatement of the benefits which were terminated. As a result, the SSA must reinstate the Plaintiffs' benefits and return the Plaintiffs to the status quo before the Commissioner's redeterminations in these cases. Additionally, the SSA must also adjust any overpayment that it has sought from the Plaintiffs in the above-captioned cases until it proves through a valid hearing that they are not entitled to benefits. *Cf. Califano v. Yamasaki*, 442 U.S. 682, 705–06 (1979).

## III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The Court's prior stay in these cases is hereby **LIFTED**;

(2) The Commissioner's Motions to Remand pursuant to sentence six of 42 U.S.C. § 405(g) are **DENIED**;

(3) The Commissioner's decisions denying the Plaintiffs' disability claims on redetermination are hereby **REVERSED**;

(4) The Plaintiffs' requests to reinstate benefits pending the Commissioner's decision on remand are **GRANTED** consistent with this opinion**;**

(5) Pursuant to sentence four of 42 U.S.C. § 405(g), these matters are **REMANDED** to the SSA for further proceedings consistent with the Sixth Circuit's decision in *Hicks v. Commissioner of Social Security*, 909 F.3d 786 (6th Cir. 2018);

(6) These matters are **STRICKEN** from the Court's active docket;

(7) Any pending motions or other requests for relief in these matters are **DENIED AS MOOT**;

(8) This is a **FINAL AND APPEALABLE ORDER** and there is **NO JUST CAUSE FOR DELAY**; and

(9) A separate judgment will be entered on this date.

This 12th day of July, 2019.



Signed By:
*David L. Bunning*
United States District Judge

M:\DATA\SocialSecurity\Omnibus MOO Lifting Stay and Remanding to SSA .docx